May Term,
1854.

ADKINS
v.
SIDENER.

---

ADKINS and Others *v.* SIDENER.

The petition of a guardian to sell real estate of his ward, was filed, the appraisers appointed and sworn, the appraisement made and returned, and the order of sale made, on the same day. *Held*, that this was not sufficient, under the R. S. 1843, to set aside the order of sale.

It was not necessary, under the R. S. 1843, that the record, in the case of a guardian's application to sell real estate, should show that any evidence was offered to sustain the matters set out in the petition.

Such evidence does not seem to have been necessary to authorize an order of sale.

*Thursday,
June 8.*

ERROR to the *Decatur* Probate Court.

STUART, J.—Petition by a guardian to sell land of his wards. The petition sets out the several reasons which induce the guardian to seek a sale, viz., the indebtedness of the wards; that the land sought to be sold was incumbered; that the other heirs owning shares therein had sold; that there was no personal property; and that the other

lands of the wards were advancing more rapidly in value than this, &c. The petition was properly verified.

The Court say, that having fully seen and inspected the premises, and being fully satisfied that the said interests in said lands ought to be sold, as prayed for by the petition, it is ordered, &c. The appraisement, bond, sale, &c., seem to be regular.

But it is objected that the petition was filed, the appraisers appointed and sworn, the appraisement made and returned, and the order of sale made, all on the same day. This, it is said, is calculated to excite suspicion. So it may be. But mere suspicion is not recognized as a ground of setting aside such sales. In connection with other facts, it might have great weight in giving a fraudulent character to the transaction. Of itself it is not sufficient. Nor does such haste seem inconsistent with the statute. R. S. 1843, c. 35, ss. 110 to 114 inclusive.

It is objected that the record does not show that any evidence was offered to sustain the matters set out in the petition. It does not seem to be required. If the Court is satisfied with the propriety of selling such real estate, it is sufficient. Sect. 111, *supra*. The statute is silent as to the means to be resorted to, to satisfy the Court. And when the record shows that the result has been produced, we will presume in favor of judicial action; that the end was attained by proper and adequate means.

We see no error in the proceedings.

DAVISON, J., having been concerned as counsel, was absent.

*Per Curiam.*—The order of sale is affirmed.

*J. Ryman*, for the plaintiffs.

*A. Davison*, for the defendant.